IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
RICHARD SNYDER,                           No   C-03-4992 VRW

        Plaintiff,                             ORDER

    v

DEPARTMENT OF DEFENSE et al,

        Defendant.
                                      /
```

By order dated February 2, 2005, the court reserved decision on the parties' cross-motions for summary judgment regarding the propriety of a fee that was charged to plaintiff in connection with his request under the Freedom of Information Act (FOIA).  Doc #44.  The court determined that such a challenge was properly cognizable under the Administrative Procedure Act (APA), 5 USC § 706(2), and permitted the parties to file further motions for summary judgment.  Doc #44 at 14:14-27.  The court further ordered that all evidentiary material in support of such further motions be filed anew.  Id.  The parties did file further motions (Doc ##45, 48) and supporting papers (Doc ##46, 49, 50, 58, 61).  At the

hearing on April 7, 2005, the court suggested that proceedings would be expedited if the parties would stipulate to treating the cross-motions for summary judgment as a bench trial on the papers submitted (including the administrative record, Doc #8).  The parties agreed.  Accordingly, the court makes the following findings of fact and conclusions of law with respect to the so-called CAGE Code fee (the "fee").

The court finds that plaintiff was charged a total of $75.17.  See, e g, Hill Decl (Doc #50) ¶4; Administrative Record (AR) tab 10.  This represents the sum of several component charges, found at AR tab 8, which the court will address in turn:

1. $3.67 for 5 minutes of GS-12/10 analyst time at $44/hour to "prepare and e-mail 522 to DISA"

2. $3.67 for 5 minutes of GS-12/10 analyst time at $44/hour to "enter customer and job information into workload tracking database"

3a. $2.20 for 3 minutes of GS-12/10 analyst time at $44/hour to create/find a JCL program to transfer the CAGE code file from tape to disk

3b. A charge for computer processor time to transfer the CAGE code file from tape to disk

4a. $1.47 for 2 minutes of GS-12/10 analyst time at $44/hour to create/find a program to compress the CAGE code file

4b. A charge for computer processor time to compress the CAGE code file

5a. $1.47 for 2 minutes of GS-12/10 analyst time at $44/hour to create/find a program to FTP (transfer) the CAGE code file to plaintiff

5b. A charge for computer processor time to transfer the CAGE code file to plaintiff

The aggregate charge by defendants for computer time was for nine minutes of CPU time (AR tab 10) for a cost of $62.70.  (Due to rounding, the sum of the above charges is actually $75.18.)

The court first addresses the charges for analyst time. The court finds that component (1) relates to internal communications at defendants' offices regarding the processing of plaintiff's request; "522" refers to the FOIA statute, 5 USC § 552. FOIA provides that fee schedules, such as defendants have promulgated, AR tab 2, "shall provide for the recovery of only the direct costs of search, duplication, or review." The activities described in component (1) are plainly neither "search" nor "duplication." Although "[r]eview costs" include some preparatory work, such as "initial examination of a document for the purposes of determining whether the documents must be disclosed," the court finds that the activity in component (1) is not "review" within the meaning of FOIA. Accordingly, the court holds that defendants' charging of plaintiff for component (1) is "not in accordance with law," 5 USC § 706(2)(A).

Much the same analysis applies to component (2), which the court finds relates to defendants' internal recordkeeping. This is not properly chargeable to plaintiff under FOIA. Accordingly, the court holds that defendants' charging of plaintiff for component (2) is "not in accordance with law," 5 USC § 706(2)(A).

In contrast, components (3a), (4a) and (5a) are related to "duplication." Plaintiff disputes the amount of time incurred in each step and the rate charged, but the court finds these accurately reflect defendants' costs. Accordingly, these charges are proper.

Likewise, the fact that plaintiff was charged for the corresponding computer time in components (3b), (4b) and (5b) is

3

1 not improper. The court credits the declaration of Robert Porter,
2 one of defendants' employees. Porter Decl (Doc #61). For perhaps
3 the first time in this litigation, the parties have been able to
4 put before the court evidence from an individual with personal and
5 technical knowledge of the facts in issue in this case. It is for
6 this reason that the court credits Porter's declaration.

7 Plaintiff also disputes the amount of the charges for
8 components (3b), (4b) and (5b). The court finds that defendants
9 are correct in that "raw" processor time must be converted via a
10 "normalization factor" into "normalized" processor time, because
11 different processors run at different speeds. See, e g, AR tab 4.
12 As such, the court has no basis on which to set aside the per-
13 minute charges for processor use.

14 With respect to the amount of processor use, the court
15 acknowledges that various documents in the administrative record
16 suggest different total job times. Compare AR tab 4 (3:57 CPU min)
17 with AR tab 8 (1:48.25 CPU min total) with AR tab 10 (9 CPU min).
18 In particular, there is some suggestion that the 9 minute figure
19 (which was actually charged to plaintiff) represents running "the
20 job 2 times." AR tab 11. But plaintiff's challenge is confined to
21 (1) being charged at all for certain tasks and (2) the use of a
22 normalization factor. The court has rejected both of these
23 challenges, and, accordingly, the court holds that no computer
24 charges were inappropriate.

25 In sum, the court concludes that defendants' charge of a
26 total of 10 minutes of analyst time at $44/hour -- or $7.33 -- was
27 improper. All other charges were not arbitrary or capricious or
28 not in accordance with law.

1    Accordingly, the court hereby declares that plaintiff
2 owes defendants $67.84 for the processing of the CAGE code fee
3 request that is the subject of this litigation.  The clerk is
4 directed to TERMINATE the cross-motions for summary judgment (Doc
5 ##45, 48).

7    IT IS SO ORDERED.

9                                   /s/
10                             VAUGHN R WALKER
11                             United States District Chief Judge