IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
RICHARD SNYDER,                         No   C-03-4992 VRW

        Plaintiff,                           ORDER

        v

DEPARTMENT OF DEFENSE et al,

        Defendants.
                                    /
```

Presently before the court is plaintiff Richard Snyder's ("Snyder") renewed motion for leave to file a motion for reconsideration (Doc #72) of the court's April 29, 2005, findings of fact and conclusions of law. Doc #67. For the reasons discussed herein, the court DENIES Snyder's motion.

I

First, the court addresses its jurisdiction to hear this motion. By order dated February 2, 2005, the court reserved decision on the parties' cross-motions for summary judgment regarding the propriety of a fee that was charged to Snyder in connection with his request under the Freedom of Information Act

(FOIA). Doc #44. The court determined that such a challenge was properly cognizable under the Administrative Procedure Act (APA), 5 USC § 706(2), and permitted the parties to file further motions for summary judgment. Doc #44 at 14:14-27. At the hearing on April 7, 2005, the court suggested that proceedings would be expedited if the parties would stipulate to treating the cross-motions for summary judgment as a bench trial on the papers submitted (including the administrative record, Doc #8). The parties agreed. Accordingly, on April 29, 2005, the court issued its findings of fact and conclusions of law with respect to the so-called CAGE Code fee (the "fee"). The court concluded that plaintiff owes defendants $67.84 for the processing of certain FOIA requests. Doc #67. This order constituted a partial summary judgment on the fee issue. See FRCP 56(d). As such, the order was not a final judgment and not appealable under 28 USC 1292. Id; see also, <u>Chacon v Babcock</u>, 640 F2d 221, 222 (9th Cir 1981).

        Snyder filed a notice of appeal on May 11, 2005. On June 21, 2005, the United States Court of Appeals for the Ninth Circuit dismissed the appeal for lack of jurisdiction. Snyder subsequently filed his first motion for leave to file a motion for reconsideration with this court on June 28, 2005. Doc #70. Unaware that the appellate court had dismissed Snyder's appeal, the court declined to entertain Snyder's motion to reconsider due to a perceived lack of jurisdiction. Doc #71. This court's jurisdiction was reestablished by the appellate court's dismissal of Snyder's appeal.

//
//

2

**II**

Snyder moves the court for leave to file a motion for reconsideration of the court's order of partial summary judgment. Doc # 67.  Under Civil Local Rule 7-9, to obtain a motion for reconsideration Snyder must show one of the following: (1) that a material difference in fact or law exists, which was not presented to the court previously due to no fault of plaintiff; (2) that a material change in fact or law has occurred since the order was filed; or (3) that there was a "manifest failure by the Court to consider material facts or dispositive arguments" previously presented by plaintiff.  Civ L R 7-9(b).  Moreover, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument" previously presented to the court.  Civ L R 7-9(c).  In other words, a motion for reconsideration is improper if it seeks to reargue issues already decided by the court.

Snyder's motion for leave to file a motion for reconsideration fails to meet the standard of Rule 7-9; the motion does not posit an excusable failure to present material facts or law, nor does it indicate that a material change in fact or law occurred subsequent to the April 29, 2005, order.  Nor does Snyder allege that the court failed to consider material facts or arguments.  Rather, Snyder takes issue with the court's characterization of his arguments and the court's conclusions on these issues.  This is unavailing; a motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through -- rightly or wrongly." **Above the Belt, Inc v Mel Bohannan Roofing, Inc**, 99 FRD 99, 101 (ED Va 1983); see **Refrigeration Sales Co v Mitchell-Jackson, Inc**, 605 F Supp 6, 7 (ND

Ill 1983). Snyder's arguments that the court's April 29, 2005, order was in error should be directed to the United States Court of Appeals for the Ninth Circuit--not this court. See <u>Refrigeration Sales Co</u>, 605 F Supp at 7.

### III

Accordingly, Snyder's motion for leave to file a motion for reconsideration is DENIED. Snyder may appeal the court's order after entry of judgment adjudicating all remaining claims, rights and liabilities of all parties.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge