```
                                    FILED

                                    SEP - 8 2005

                                    RICHARD W. WIEKING
                                    CLERK, U.S. DISTRICT COURT
                                    NORTHERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD SNYDER,                         No    C-03-4992 VRW

    Plaintiff,                         ORDER

    v

DEPARTMENT OF DEFENSE ET AL,

    Defendants.

        Based on the highly technical dimensions of this FOIA case, the court designated P Michael Robson to serve as trial master and to make factual findings regarding two issues related to plaintiff's FOIA request. Master Appoint (Doc #65-1). Specifically, the trial master was appointed to make findings of fact on the following issues:

    1.    Whether defendants provided to plaintiff (or directed him to a website containing) a corrupt or incomplete computer file and refused to provide the BSM system file as requested in plaintiff's August 18, 2003, FOIA request.

    2.    Whether defendants provided to plaintiff a corrupt or incomplete file in response to his September 17, 2003, FOIA request for the TIR file.

Id at 2:23-28. On July 25, 2005, the court received a report

1 enunciating the trial master's findings on these issues. Master
2 Rep (Doc #75). The trial master's report was dated July 24, 2005.
3 Id.

4       Regarding the first issue, the trial master found that
5 plaintiff "validly established his claim that the BSM system [file]
6 supplied to him was incomplete." Id at 4:23-24. On the second
7 issue, the trial master concluded that plaintiff had "established
8 his claim that the TIR file was corrupt." Id at 5:23-24.
9 Plaintiff filed a timely motion to adopt the findings of the trial
10 master. Doc #78. Defendants Department of Defense and the Defense
11 Logistics Agency ("government") filed an objection to the trial
12 master's findings on August 15, 2005. Obj Master (Doc #79). The
13 parties agree that the court's review of the trial master's
14 findings of fact is for clear error under FRCP 53(g)(3)(A). Master
15 Appoint at 3:26-4:1.

16       The clearly erroneous standard requires the court to
17 accept the master's findings of facts unless it has a definite and
18 firm conviction that a mistake has been committed. Cf Jones v
19 United States, 127 F3d 1154, 1156 (9th Cir 1997) (concerning
20 appellate review of district court's factual findings in a bench
21 trial). The government asserts that the court should reject the
22 trial master's findings because (1) he adopted unreasonable
23 procedures, namely he did not conduct a trial, and (2) his findings
24 are substantively erroneous. Obj Master at 9-13. Both of these
25 arguments fail to persuade.

26       First, the government contends that the trial master did
27 not follow the court's instruction to "hold trial proceedings." Id
28 at 9-11. This argument misconceives the discretion the court

1  provided the trial master. Although the court allowed the trial
2  master to conduct evidentiary hearings, receive oral testimony and
3  mandate personal appearance of the parties, it did not require him
4  to use any of these procedures. Master Appoint at 3:1-4. Rather,
5  the court permitted the master to conduct the proceedings "pursuant
6  to such reasonable procedures as he adopts." Id at 2:20-21.
7  Moreover, the court instructed the trial master to have "due regard
8  for the interest of the parties in minimizing their costs and
9  inconvenience." Id at 3:1-2.

10  The trial master did not violate these instructions.
11  Although the trial master did not use formal courtroom procedures,
12  he allowed both parties to "submit their arguments as to how they
13  viewed the issues to be settled." Master Rep at 2:3-4. Consistent
14  with the court's instructions, the master noted that he would "try
15  to keep [the parties'] expenses to a minimum" by communicating via
16  mail, telephone, e-mail or fax. Obj Master Dec (Doc #80) at Ex A.
17  The master also expressed a willingness to make himself available,
18  if necessary, for hearings in San Francisco. Id. The record does
19  not indicate that the government ever requested such a hearing.

20  Additionally, the master communicated with the parties
21  through dozens of e-mails and occasional faxes, and tried to ensure
22  that both parties were copied on all correspondence. Master Rep at
23  2:6-9; Obj Master at 3:8-9. In one email, the trial master
24  explicitly informed the government that it could respond or comment
25  on anything written by plaintiff. Obj Master Dec at Ex 33. The
26  government also was permitted to submit a nine-page memorandum
27  "identifying issues for the trial master." Id at Ex 17.

28  Finally, any perceived shortcoming in the trial master's

3

procedures stems from the government's failure to cooperate with the trial master. First, the government did not provide the trial master with the information he requested, namely a copy of the TIR file. Master Rep at 5:20-21. According to the trial master, the government never gave a straight answer whether the missing BSM information was on the government's computer system. Id at 4:18-22. The trial master also noted that the government's answers to his queries "tended to be delayed and [circumlocutious];" indeed he chided the government for being "less than forthright" in its responses. Id at 3:4-6.

The court concludes that the trial master's procedures were far from clearly erroneous; the trial master appears to have conducted these proceedings in an effective and professional manner. Any improper or deficient behavior appears to be by the government.

Next, the government argues that the trial master's substantive findings are clearly erroneous. Obj Master at 12-14. The government asserts there is no evidence to support the trial master's findings that (1) the government's system included the BSM files when plaintiff made his request, and (2) plaintiff's copy of the TIR file was corrupt. Id at 12:16-19, 13:13-15.

The court's review of the trial master's report and the evidentiary record before him indicates that the findings of fact were not clearly erroneous. Moreover, any perceived lack of evidence appears to have been of the government's making. Despite the trial master's request, the government never provided (1) answers whether it had the BSM files, or (2) copies of the TIR files. Obj Master Dec at Exs 40, 51; Master Rep at 4:18-22, 5:20-

24.

Finally, the government contends that the trial master should have considered the government's July 25, 2005, supplemental response filed before the trial master. Obj Master at 13-14. The trial master properly did not consider this last-minute response; indeed the response was filed _after_ the master had submitted his findings to the court. Doc #74 at 8:8-14.

In sum, the government's objection is OVERRULED and the court adopts the trial master's findings of fact pursuant to FRCP 53.

IT IS SO ORDERED.



VAUGHN R WALKER

United States District Chief Judge