**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SNYDER, | No C-03-4992 VRW |
|     Plaintiff, | ORDER |
|     v | |
| DEPARTMENT OF DEFENSE et al, | |
|     Defendants. | |

In this highly technical FOIA case, the court designated P Michael Robson to serve as trial master and to make factual findings regarding two issues related to plaintiff Richard Snyder's FOIA request. Master Appoint (Doc #65-1). On September 8, 2005, the court overruled the government's objections and adopted the trial master's findings of fact pursuant to FRCP 53. Doc #84.

On September 21, 2005, Snyder filed a "motion for summary judgment for the Total Item Record (TIR) file and the missing (BSM) information." Doc #85 at 1. Snyder asked the court to issue its final order requiring defendant, *inter alia*, to provide uncorrupted versions of the files that plaintiff had requested.

//

The government opposed the motion and filed a counter-motion for summary judgment, contending that a "recent re-transmission of the [relevant] file to plaintiff" renders this case moot and "it is now clear that the file plaintiff previously received was the precisely [sic] the information the government possessed." Doc #87 at 2. The government also provided detailed instructions for Snyder to access the relevant files. See Doc #90 (Francis Decl).

At a December 8, 2005, hearing, Snyder stated that he had not followed the steps in the Francis declaration. Doc #97 (December 8, 2005, Transcript), at 6:21-23. Accordingly, the court ordered Snyder "to practice the steps contained in the Francis declaration [to obtain the information from the BSM website] and then report [the results] to the court" and ordered defendants to submit a declaration indicating the TIR file was provided in binary and wrap format. Id at 2:15-3:7, 7:1-3, 17:19-22.

Snyder then submitted a declaration stating "information [was] missing from the BSM system that [was] part of the original FOIA request," Doc #94 (Snyder Decl), ¶ 3, "[n]one of the other missing pieces of information requested in the FOIA request were on the website as claimed," id, ¶ 17, "[and the TIR] file as sent by the defendant was not wrapped," id, ¶ 18. The government submitted declarations stating "the TIR file transmitted to [Snyder was] the same as the file that [was] stored by the government in its computer," Doc #95 (Greger Decl), ¶1, and "the information sought by [Snyder was] available on the website, even if not in the specific form he now is requesting," Doc #96 (Francis Decl), ¶1. The remaining dispute between the parties appears to implicate

**2**

technical questions that the court would not be able to decide without some assistance.

Since the filing of these declarations, the parties have not filed anything in this case. Cognizant that the parties' motions for summary judgment remain under submission, the court ORDERS the parties to submit a written status report to the court by September 8, 2006, describing whether the underlying issues in this litigation have been resolved and what action, if any, remains for the court to take. If any dispute remains, the court also ORDERS the parties to SHOW CAUSE why Special Master Robson should not be appointed again to determine whether the government has complied with the court's mandate requiring submission of the FOIA requests, with all costs to be borne by the party found responsible for the delay in this case.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge