IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD SNYDER,                                   No   C-03-4992 VRW

    Plaintiff,                                ORDER

    v

DEPARTMENT OF DEFENSE et al,

    Defendants.
_____/

        In this highly technical FOIA case, the court designated P Michael Robson to serve as trial master and to make factual findings regarding two issues related to plaintiff Richard Snyder's FOIA request. Master Appoint (Doc #65-1). On September 8, 2005, the court overruled the government's objections and adopted the trial master's findings of fact pursuant to FRCP 53. Doc #84.

        On September 21, 2005, Snyder filed a "motion for summary judgment for the Total Item Record (TIR) file and the missing (BSM) information." Doc #85 at 1. Snyder asked the court to issue its final order requiring defendant, *inter alia*, to provide uncorrupted versions of the files that plaintiff had requested.

//

The government opposed the motion and filed a counter-motion for summary judgment, contending that a "recent re-transmission of the [relevant] file to plaintiff" renders this case moot and "it is now clear that the file plaintiff previously received was the precisely [sic] the information the government possessed." Doc #87 at 2. The government also provided detailed instructions for Snyder to access the relevant files. See Doc #90 (Francis Decl).

At a December 8, 2005, hearing, Snyder stated that he had not followed the steps in the Francis declaration. Doc #97 (December 8, 2005, Transcript), at 6:21-23. Accordingly, the court ordered Snyder "to practice the steps contained in the Francis declaration [to obtain the information from the BSM website] and then report [the results] to the court" and ordered defendants to submit a declaration indicating the TIR file was provided in binary and wrap format. Id at 2:15-3:7, 7:1-3, 17:19-22.

Snyder then submitted a declaration stating "information [was] missing from the BSM system that [was] part of the original FOIA request," Doc #94 (Snyder Decl), ¶ 3, "[n]one of the other missing pieces of information requested in the FOIA request were on the website as claimed," id, ¶ 17, "[and the TIR] file as sent by the defendant was not wrapped," id, ¶ 18. The government submitted declarations stating "the TIR file transmitted to [Snyder was] the same as the file that [was] stored by the government in its computer," Doc #95 (Greger Decl), ¶1, and "the information sought by [Snyder was] available on the website, even if not in the specific form he now is requesting," Doc #96 (Francis Decl), ¶1.

On August 9, 2006, after a period of inactivity in the

2

case, the court ordered the parties to submit a written status report by September 8, 2006, describing whether the underlying issues in the dispute have been resolved.  Doc #98.  If disputes remained, the order instructed the parties to show cause why Special Master Robson should not be appointed again to determine whether the government has complied with the court's mandate requiring submission of the FOIA requests.  Id.

        Plaintiff and the government submitted their status reports on September 8 and September 12, 2006, respectively.  Doc ##99, 100.  Although neither report clarified the issues, they both demonstrated that disputes remain.

        Accordingly, the court reappoints Special Master Robson to determine whether the government has complied with the court's mandate requiring submission of the FOIA requests.  If the government is not in compliance, the court instructs the special master to describe why the government's efforts to date are insufficient and to set forth what the government must do to attain compliance.

        IT IS SO ORDERED.

 

_____

**VAUGHN R WALKER**
United States District Chief Judge